# EXHIBIT A

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA

CARSO AGRICULTURE LLC,

    Plaintiff,

vs.

GENCANNA GLOBAL USA, INC.; YANKEE INVESTMENT GROUP, LLC; and MATTY MANGONE-MIRANDA,

    Defendants.

CASE NO.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CARSO AGRICULTURE LLC ("Carso"), sues Defendants, GENCANNA GLOBAL USA, INC. ("GenCanna"); YANKEE INVESTMENT GROUP, LLC ("Yankee"); and MATTY MANGONE-MIRANDA ("Mangone-Miranda"), and alleges:

## INTRODUCTION

1. Capitalizing on the intense market interest in the burgeoning cannabidiol (CBD) industry, GenCanna and Yankee, at the direction and control of their Chief Executive Officer, Mangone-Miranda, induced Carso in early 2015, to invest $300,000.00 in a scheme which promised to pay Carso a five-times (5x) return on the investment. The simplicity of the scheme masked its deviousness. The Defendants propositioned Carso to invest $300,000.00 to acquire a shipment of supposed "pure" CBD oil to be imported from the People's Republic of China, in exchange for which Defendants promised Carso that it would make five-times (5x) its investment, for total return of **$1,500,000.00**. The CBD oil was to be purchased by Yankee, and then resold to GenCanna, which would then sell the product on the open market for a massive profit. So sure was this investment that GenCanna agreed to guarantee the investment to Carso.

2. After Carso made the investment, it patiently waited for the investment to bear financial fruit. Unfortunately, months stretched into years, marked by multiple promises by Defendants to pay the monies due to Carso which went unfulfilled. Eventually, in early 2019, Defendant Mangone-Miranda refused to communicate with Carso's Managing Member about the payment. Needless to say, neither the original investment, nor the so-called five-times (5x) return on that investment have ever been paid.

3. The investment made by Carso:

    a. Involved an investment of money;

    b. From which profits were expected;

    c. In connection with a common enterprise; and

    d. Which arose from the efforts of a promoter or third party.

The investment thus constituted a "security" under Florida and federal law. [1]

4. As a sale of a "security" which was neither properly registered, nor exempt from registration, Defendants violated Chapter 517, Florida Statutes. Moreover, Defendants knew, or should have known, that the investment induced from Carso failed to disclose material information as to the illegality of the solicitation, and it projected a return not based upon any supportable or realistic financial assumptions. Finally, Defendants GenCanna and Yankee failed to perform the fundamental promises made in the scheme to pay the monies due to Carso for the investment. Carso brings this action seeking to recover damages exceeding **$1,500,000.00**.

---

[1] These are the classic elements under the "Howey Test" described by the United States Supreme Court in the case of *S.E.C. v. W.J. Howey Co.*, 328 U.S. 293 (1946).

## JURISDICTION, PARTIES, AND VENUE

5. This is an action for damages that exceed $15,000.00, exclusive of interest, costs, and attorneys' fees.

6. At all times material to this action, Carso was a Florida limited liability company.

7. At all times material to this action, GenCanna was a foreign corporation doing business in the state of Florida.

8. At all times material to this action, Yankee was a foreign limited liability company doing business in the state of Florida.

9. At all times material to this action, Mangone-Miranda was the Chief Executive Officer of GenCanna and Yankee.

10. At all times material hereto, Defendants acted in concert as partners, joint venturers, agents, alter egos, co-tortfeasors, aiders and abettors, or conspirators with one another to defraud Carso.

11. Defendants are subject to the jurisdiction of this Court under Section 48.193(1)(a)(2) and (7), Florida Statutes, because they committed a tort within this State and within this judicial district and breached a contract within this State and within this judicial district, causing damage to Carso within this juridical district.

12. Under Section 47.011, Florida Statutes, venue is proper in Orange County, Florida.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

13. Defendant GenCanna holds itself out as an industry leader in the field of hemp genetics and CBD development, sales, and marketing. With flowery self-praise GenCanna promotes:



14. In early 2015, Defendant Mangone-Miranda propositioned Carso's representatives in Miami, Florida, with an investment opportunity. Mangone-Miranda solicited Carso to invest $300,000.00 to acquire a shipment of supposed "pure" CBD oil to be imported from the People's Republic of China. The CBD oil, Mangone-Miranda explained, would be sold to GenCanna, which would then resell the oil on the open market at a massive profit. Out of these profits, Carso would be paid a return five times (5x) greater than the investment.

15. Carso invested $300,000.00 with Defendant Yankee by February 10, 2015, and purportedly Yankee utilized the funds to acquire the CBD oil with which to execute the enterprise.

16. Because Defendants have failed to account for either the existence of the CBD oil, or the purchase and sale of the CBD oil, Carso reasonably believes, and therefore alleges upon information and belief, that Defendants either failed to acquire the CBD oil, or purchased and sold the CBD oil while misappropriating the proceeds. Regardless, Defendants have failed to repay the investment or to account for their failure to do so.

17. The purchase and sale of the investment, properly classified as either an "investment contract," or a "beneficial interest in title to property, profits, or earnings," constituted a "security" under the definitions set forth in Section 517.021(22)(q) and (r), Florida Statutes.

18. In the purchase and sale of the investment, Defendants failed to provide Carso with, or give reasonable access to, full and fair disclosure of all material information concerning the investment.

19. As a direct and proximate result of the investment induced from Carso, Defendants caused direct and consequential damages to Carso.

20. Carso has retained the law firm of Byrd Campbell, P.A., agreeing to pay reasonable attorneys' fees for its services.

21. All general and statutory conditions precedent to bringing this action have been performed, have occurred, have been waived, or have otherwise been excused by Defendants' actions.

## COUNT I
### VIOLATION OF SECTION 517.07, FLORIDA STATUTES
**(As to all Defendants)**

22. Carso sues Defendants for damages that exceed $15,000.00 for violation of Section 517.07, Florida Statutes.

23. Carso realleges, incorporates, and asserts by reference the allegations set forth above in paragraphs 1 through 21.

24. Defendants sold or offered to sell a security within this state which was neither registered, nor exempt from registration in Florida.

25. Defendants induced Carso to invest $300,000.00 in a security based upon the representation and promise that the investment would yield a return five times (5x) greater than the investment.

26. Defendants made misrepresentations and omitted the disclosure of material facts that the sale of the security was illegal, and that the projected return was not based upon supportable or reasonable financial assumptions.

27. Defendants made the misrepresentations intending Carso to rely upon them.

28. Defendants knew that Carso would rely upon the misrepresentations.

29. Carso reasonably relied upon the misrepresentations to invest $300,000.00 in the security.

30. At the time of the investment Defendants failed to disclose that the security required registration in the state of Florida, or that the security was not exempt from such registration.

31. Defendants, having participated or aided in making the sale of the security, are jointly and severally liable to Carso.

32. As a direct and proximate result of Defendants' acts and omissions, Carso acquired a security which was illegally issued within the state of Florida, causing direct and consequential damage to Carso.

33. Carso is entitled to either rescission or rescission damages based upon the illegal sale of a security within the state of Florida.

34. Carso is entitled to attorneys' fees under Section 517.211, Florida Statutes.

WHEREFORE, Carso demands judgment against Defendants for compensatory damages, prejudgment interest, attorneys' fees, and costs.

### COUNT II
### VIOLATION OF SECTION 517.301, FLORIDA STATUTES
### (As to all Defendants)

35. Carso sues Defendants for damages that exceed $15,000.00 for violation of Section 517.301, Florida Statutes.

36. Carso realleges, incorporates, and asserts by reference the allegations set forth above in paragraphs 1 through 21.

37. Defendants sold or offered to sell a security within this state which was neither registered, nor exempt from registration in Florida.

38. Defendants induced Carso to invest $300,000.00 in a security based upon the representation and promise that the investment would yield a return five times (5x) greater than the investment.

39. Defendants made misrepresentations and omitted the disclosure of material facts that the sale of the security was illegal, and that the projected return was not based upon supportable or reasonable financial assumptions.

40. Defendants knew, or should have known, that the projected returns were not based upon supportable or reasonable financial assumptions.

41. Defendants made the misrepresentations intending Carso to rely upon them.

42. Defendants knew that Carso would rely upon the misrepresentations.

43. Carso reasonably relied upon the misrepresentations to invest $300,000.00 in the security.

44. At the time of the investment Defendants failed to disclose that the security required registration in the state of Florida, or that the security was not exempt from such registration.

45. Defendants employed a device, scheme, or artifice to defraud Carso.

46. Defendants, having participated or aided in making the sale of the security, are jointly and severally liable to Carso.

47. As a direct and proximate result of Defendants' acts and omissions, Carso acquired a security which was illegally issued within the state of Florida, causing direct and consequential damage to Carso.

48. Carso is entitled to either rescission or rescission damages based upon the illegal sale of a security within the state of Florida.

49. Carso is entitled to attorneys' fees under Section 517.211, Florida Statutes.

WHEREFORE, Carso demands judgment against Defendants for compensatory damages, prejudgment interest, attorneys' fees, and costs.

## COUNT III
### FRAUD
**(As to all Defendants)**

50. Carso sues Defendants for damages that exceed $15,000.00 for fraud.

51. Carso realleges, incorporates, and asserts by reference the allegations set forth above in paragraphs 1 through 21.

52. Defendants made misrepresentations and omitted the disclosure of material facts regarding the sale of the securities to Carso. Specifically, Defendants failed to disclose the illegality of the securities sale, and made material misrepresentations concerning the projected return upon the investment by Carso.

53. Defendants induced Carso to invest $300,000.00 in a security based upon the representation and promise that the investment would yield a return five times (5x) greater than the investment.

54. The misrepresentation that Carso would receive a return five times (5x) greater than the investment was not based upon supportable or reasonable financial assumptions, lacked factual support, and was fabricated to induce the investment.

55. Defendants knew, or should have known, that these misrepresentations and omissions were false.

56. At the time of making these misrepresentations and omissions, Defendants intended to induce Carso to rely on them.

57. Carso reasonably relied on Defendants' misrepresentations and omissions in deciding to invest $300,000.00 in Defendants' scheme.

58. As a direct and proximate result of the misrepresentations and omissions made by Defendants, Carso has been damaged.

WHEREFORE, Carso demands judgment against Defendants for consequential damages, reserving the right to seek punitive damages upon a proper proffer to the Court, prejudgment interest, and costs.

## COUNT IV
## BREACH OF CONTRACT
### (As to GenCanna and Yankee)

59. Carso sues Defendants GenCanna and Yankee for damages that exceed $15,000 for breach of contract.

60. Carso realleges, incorporates, and asserts by reference the allegations set forth above in paragraphs 1 through 21.

61. Carso entered into an agreement with GenCanna and Yankee (the "Agreement"), an unexecuted copy of which is attached hereto as **Exhibit "A."**[2]

62. GenCanna and Yankee breached the Agreement by failing to pay the profit interest and return to Carso.

63. As a direct and proximate result of GenCanna's and Yankee's breaches, Carso suffered direct and consequential damages.

WHEREFORE, Carso demands judgment against Yankee for compensatory damages and costs.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury for all issues so triable.

Dated: April 5, 2019

*s/ Tucker H. Byrd*
**Tucker H. Byrd**
Florida Bar No. 381632
**Scottie N. McPherson**
Florida Bar No. 085137
**BYRD CAMPBELL, P.A.**
180 Park Avenue North, Suite 2A
Winter Park, Florida 32789
Telephone: (407) 392-2285
Facsimile: (407) 392-2286
Email: TByrd@ByrdCampbell.com
Email: SMcPherson@ByrdCampbell.com
Email: Paralegal@ByrdCampbell.com

---

[2] Carso reasonably believes the executed original of the Agreement remains in the hands of Defendants.

# EXHIBIT A

19 February 2015

This document is intended to outline the relationship between Carso Agriculture, LLC (hereinafter referred to as "Carso"), a Florida Company, and Yankee Investment Group, LLC (hereinafter referred to as "Yankee Investment", a California Company.

Carso has loaned/invested $300,000 (Three Hundred Thousand Dollars) to Yankee Investment. Yankee Investment has stated that there should be a profit and return to Carso of cost of goods times 5 for the investment from Carso.

If this does not occur, GenCanna Global, Inc., a _____ Company, will guarantee the loan/investment in 12 months from date of the last Wire Transfer (10 February 2015) with a 25 % fee or a total due to Carso on 11 February 2016 being $375,000 (Three Hundred Seventy-Five Thousand Dollars).

Carso Agriculture, LLC by:                    Yankee Investment Group, LLC by:

_____ Date _____    _____ Date _____
Michael D Kelley, Member                      Matty Mangone-Miranda, _____

_____ Date _____    GenCanna Global, Inc. by:
Billy G Hughes, Member                        Matty Mangone-Miranda, _____